IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  05-cv-1361-REB-OES

KELLY MUSICK,
   Plaintiff,
v.

CHIEF DEPUTY DISTRICT ATTORNEY JOHN PICKERING,
SERGEANT GENE MCCAUSEY,
ATTORNEY GENERAL'S OFFICE FOR THE STATE OF COLORADO,
DISTRICT ATTORNEY'S OFFICE FOR THE 20TH JUDICIAL DISTRICT, and
LAFAYETTE POLICE DEPARTMENT,
   Defendants.

---

**DEFENDANTS' SGT. MCCAUSEY AND THE LAFAYETTE POLICE DEPARTMENT'S MOTION TO DISMISS WITH INCORPORATED LEGAL AUTHORITY**

---

Defendants, Sgt. Gene McCausey and the Lafayette Police Department (herein after referred to as "the police department"), appearing separately from the other Defendants, by and through their attorneys, hereby file this Motion to Dismiss Plaintiff's claims pursuant to Fed. R. Civ. Proc. 12(b)(6).

**CERTIFICATE OF COMPLIANCE WITH D.COLO.L.R. 7.1(a)**

Pursuant to the exception in the rule for a 12(b) Motion to Dismiss, the undersigned was not required to confer with Plaintiff's counsel.  Additionally, the defects in Plaintiff's complaint are generally not correctable.

**STATEMENT OF FACTS**

As the co-Defendants aptly stated in their Motion to Dismiss, this case involves a breach of contract claim thinly disguised as a civil rights claim.  According to the complaint, Plaintiff had a verbal agreement with Miguel Buch to do some translation

work. [Complaint, ¶8]. More specifically, Miguel Buch was hired to translate a police department file into Spanish for the purpose of prosecuting a first degree murder case in Mexico. [Complaint, ¶9]. Unbeknownst to the police department and the Attorney General's office, Mr. Buch apparently subcontracted the work out to Plaintiff and another individual. [Complaint, ¶¶8 and 13]. As part of this agreement, Mr. Buch explained to Plaintiff what needed to be done on the project, told Plaintiff that the project was due by the end of May, 2004 and agreed to pay Plaintiff $2,000.00 of the fee for her portion of the work. [Complaint, ¶8].

By Plaintiff's own admission, she never contracted with or was hired by the police department or Sgt. McCausey to do the translation work. Further, Plaintiff only had one conversation with Sgt. McCausey and the police department about the translation work. [Complaint, ¶18]. During this single conversation, Sgt. McCausey refused to discuss the translation project with Plaintiff because Sgt. McCausey had been working with Mr. Buch and had no knowledge of Plaintiff's involvement in the matter. [Complaint, ¶18].

Moreover, Plaintiff admits in her complaint that her work performance was less than perfect. Plaintiff admits that when she agreed to undertake the project she was told that the work needed to be completed by the end of May, 2004. [Complaint, ¶8]. According to the complaint, Plaintiff first turned in a draft of the translation work on June 27, 2004, approximately a month after the project was supposed to be done. [Complaint, ¶14]. In reviewing the Plaintiff's work, the Attorney General's office determined that corrections of Plaintiff's work were necessary. [Complaint, ¶16]. Plaintiff also needed to format some of the papers, which had not previously been done.

Because the work was not completed timely and because corrections needed to be made, Plaintiff was given a new deadline of August 15, 2004. [Complaint, ¶16]. Despite the fact that Plaintiff was given an extension of time to complete the work, Plaintiff failed to meet the new deadline and did not turn over the work until approximately September 17, 2004, about three and a half months after the original due date. [Complaint, ¶36].

During this time, Plaintiff refused to turn over the file because she stated that "she had no confidence that she would be compensated fairly for her translation." [Complaint, ¶22]. Further, once the work was turned in and reviewed, it was asserted that the work was "incompetent". [Complaint, ¶38]. As a result, Plaintiff admits in her complaint that her work was late, required corrections and formatting and was later determined to have been of poor quality.

## SUMMARY OF THE ARGUMENT

With regard to the Plaintiff's claims against Sgt. McCausey and the police department, Plaintiff's complaint fails to state a claim for several reasons. First, Plaintiff fails to specify a due process property interest. Second, to the extent that Plaintiff somehow can claim a protected property interest, there is a post-deprivation state law remedy which bars any constitutional due process claim. Third, the complaint does not contain any specific allegations of an unconstitutional seizure by Sgt. McCausey or the police department. Fourth, Plaintiff has not met her heavy burden of showing that Sgt. McCausey is not entitled to Qualified Immunity. Fifth, Plaintiff cannot establish a claim for *quantum meruit* because her translation work was of no benefit to the police

department because it was poorly done and late. Sixth, the police department is not an entity at law and therefore cannot be sued.

## ARGUMENT

### I. Standard of Review.

In reviewing a 12(b)(6) motion to dismiss the Court should grant the motion if it appears beyond doubt that the plaintiff can prove no set of facts to support her claim which entitle her to relief.  See generally ***Yanaki v. Iomed, Inc.***, 415 F.3d 1204, 1207 (10th Cir. 2005).

### II. Plaintiff's Due Process Claim Must be Dismissed for Failure to Establish a Protected Property Interest Necessary to Prove a Due Process Violation.

As the Court is aware, in order to establish a due process violation sufficient to survive a Rule 12(b)(6) Motion to Dismiss a plaintiff must establish that she was deprived of a protected property or liberty interest. ***American Mfrs. Mut. Ins. Co v. Sullivan,*** 526 U.S. 40, 59; 119 S.Ct. 977; 143 L.Ed.2d 130 (1999).  It should be noted that not all property interests are entitled to constitutional protection and therefore the plaintiff must establish not only a property interest, but a legally protected one.  ***Dill v. City of Edmond***, 155 F.3d 1193, 1207 (10th Cir. 1998).  A protected due process property interest is defined "as a legitimate claim of entitlement to some benefit." ***Hyde Park Co. v. Santa Fe City Council,*** 226 F.3d 1207, 1210 (10th Cir. 2000) (citing ***Board of Regents v. Roth***, 408 U.S. 564, 577; 33 L.Ed.2d 548, 92 S.Ct. 2701 (1972)).  A protected property interest cannot be based upon an abstract need for or a unilateral expectation of such a property interest.  ***Id.***

As stated by co-defendants in their Motion to Dismiss, Plaintiff fails to specify in her complaint what property in which she claims she had a protected interest. These Defendants assume that Plaintiff is asserting some property interest in her translation of a portion of the police department's file. However, this is not a protected property right entitled to due process protection. The Supreme Court has held that the activity of doing business is not a protected property right under the Fourteenth Amendment. ***College Sav. Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.***, 527 U.S. 666, 675; 119 S.Ct. 2219; 144 L.Ed.2d 605 (1999).

Moreover, Plaintiff has not asserted any other type of protected property right. Because Plaintiff does not have a protected property right in her translation business and Plaintiff has asserted no other protected property right, Plaintiff has failed to establish the main requirement for a due process claim and her claim must be dismissed.

***III.   Plaintiff's Due Process Claim Must be Dismissed Because an Adequate State Law Post-Deprivation Remedy Exists.***

Even if Plaintiff was able to establish a protected property interest, Plaintiff's due process claim would fail as a matter of law because there is an adequate state law post-deprivation remedy. An alleged violation of a protected property interest is not an unconstitutional violation of the due process clause of the Fourteenth Amendment if a post-deprivation remedy for the loss is available. ***Hudson v. Palmer***, 468 U.S. 517, 533 (1984); ***Smith v. Colorado Department of Corrections***, 23 F.3d 339, 340 (10th Cir. 1994)["Fourteenth Amendment due process guarantees pertaining to property are

satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees"]; ***Freeman v. Department of Corrections***, 949 F.2d 360, 361 (10th Cir. 1991)[ "the taking of an individual's property does not implicate the due process clause if there is an adequate, state, post-deprivation remedy"]; ***Turman v. Romer***, 729 F. Supp. 1276, 1281 (D. Colo. 1990) ["the taking of an individual's property does not implicate the Due Process Clause of the Fourteenth Amendment if there is an adequate post-deprivation remedy"] .

Here, Plaintiff's claim is actually premised on a breach of contract claim against Mr. Buch, who is not even named as a party in this lawsuit. As the Court is aware, a contract exists if there is an offer, acceptance and consideration. In this lawsuit, Plaintiff is asserting Mr. Buch offered Plaintiff the opportunity to assist with the translation project, that she accepted the offer and that despite her performance she was never fully paid. As such, Plaintiff clearly has the ability to pursue a state law claim of breach of contract against Mr. Buch and potentially recover damages for the same issues alleged in this lawsuit.

In addition, Plaintiff fails to explain in her complaint why the state law breach of contract claim against Mr. Buch is not the more appropriate remedy and why such a claim would not provide her with sufficient post-deprivation process. Because Plaintiff's claim is truly a breach of contract claim and there is an adequate state law post-deprivation remedy for the claim, Plaintiff's §1983 due process claims should fail as a matter of law.

### *IV.  Plaintiff's Seizure Claim Must be Dismissed Because Plaintiff Failed to Assert any Meaningful Interference by these Defendants as is Required to Prove an Unconstitutional Seizure.*

Plaintiff's complaint does not specify that these Defendants personally engaged in the seizure of the file.  As the Court is aware, in order for there to be a violation of the Fourth Amendment there must be a "meaningful interference with an individual's possessory interest in that property."  **United States v. Jacobsen**, 466 U.S. 109, 113;104 S.Ct. 1652; 80 L.Ed.2d 85 (1984); **Santana v. City of Tulsa**, 359 F.3d 1241, 1244 (10th Cir. 2004).  Additionally, it has been held that "a seizure requires an intentional acquisition of physical control" over a person's property.  **Brower v. County of Inyo**, 489 U.S. 593, 596; 109 S.Ct. 1378; 103 L.Ed.2d. 628 (1989).

Here, there are no allegations in the complaint that these Defendants personally interfered with or were the ones who originally took possession of the file and Plaintiff's translation work.  In fact, the only conduct which Plaintiff details in her complaint which is directly attributable to these Defendants is that Sgt. McCausey refused to speak to her regarding the translation project and that Sgt. McCausey wrote a subsequent memo regarding the poor translation work. [Complaint, ¶¶18, 31, 38].  Plaintiff's complaint, does not state that Sgt. McCausey or the police department actually issued an arrest warrant, contacted Plaintiff regarding the issuance or execution of an arrest warrant, threatened Plaintiff with arrest, or ever enforced a warrant and seized property from Plaintiff's residence.  Rather, the allegations in the complaint are that Mr. Pickering and Ms. Shearer made statements, which may or may not have been accurate, about Sgt.

McCausey and the police department, which convinced Plaintiff to turn over the file. The complaint also states that the file was actually given to the Attorney General's Office. Because there are no allegations that Sgt. McCausey or the police department ever played a direct role in convincing Plaintiff to turn over her file, these Defendants did not interfere with Plaintiff's possession of the file and there is no basis for a claim of unconstitutional seizure by these Defendants.

Moreover, Plaintiff chose to voluntarily turn over her file to the Attorney General's office. None of the Defendants in this matter actually physically forced Plaintiff to turn over the file, a search warrant was never issued or enforced and no one physically took the file from Plaintiff. As such, Plaintiff's decision to voluntarily turn her file over to the Attorney General's office was just that, her decision, and cannot constitute a seizure.

Lastly, even if Plaintiff had established that these Defendants engaged in a seizure, Plaintiff could not establish that such a seizure was unreasonable. See generally ***Bella v. Meyers***, 24 F.3d 1251, 1255 (10th Cir. 1994) [Under Fourth Amendment seizure must occur and be unreasonable]. Any seizure which occurred would have been for the purpose of obtaining the police department's file so that the murder charges could be pursued. As such, these Defendants' actions would have been reasonable and in the interest of justice.

### *V.     Sgt. McCausey is entitled to Qualified Immunity.*

The qualified immunity doctrine is a defense which shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established constitutional rights. ***Harlow v. Fitzgerald***, 457

U.S. 800, 818, 73 L.Ed.2d 396, 102 S.Ct. 2727 (1982). Once the qualified immunity defense is asserted, the Court should engage in a two part test. The threshold inquiry is whether the alleged facts show a constitutional violation. **Simkins v. Bruce,** 406 F.3d 1239, 1241 (10th Cir. 2005). If the Plaintiff cannot establish a constitutional violation the lawsuit should be dismissed. However, if Plaintiff can establish the constitutional violation the next step is to determine whether the right was clearly established. *Id*. In order for a right to be "clearly established" the contours of that right must be sufficiently clear that a reasonable official would understand that his actions would violate that right. **Anderson v. Creighton**, 483 U.S. 635, 640, 97 L.Ed.2d 523, 107 S.Ct. 3034 (1987). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as plaintiff maintains." **Medina v. City & County of Denver**, 960 F.3d 1493, 1498 (10th Cir. 1992). More recently, the Supreme Court held that in cases which depend very much on the facts, the case law is not clearly established unless there is a case directly on point. **Brosseau v. Haugen**, 125 S.Ct. 596, 731 U.S.L.W. 3350 (December 13, 2004).

There is no Supreme Court or Tenth Circuit case which has established that requesting a translator return a file despite the existence of a payment dispute or the mere consideration of obtaining a warrant violates the translator's clearly established rights. In fact, if anything, there is case law which provides that Plaintiff's actions, in trying to undermine a prosecution for the purposes of getting a bill paid, violates state law. See C.R.S. §18-8-104(1)(a) (2005) [crime of obstruction occurs when a person,

using or threatening to use violence, force, physical interference, or an obstacle, knowingly obstructs, impairs, or hinders the enforcement of the penal law].

As a result, because there is no case law which provides that Sgt. McCausey's inquiry into the possibility of obtaining a search or arrest warrant was unconstitutional, Sgt. McCausey is entitled to qualified immunity.

***VI.  Plaintiff's Quantum Meruit Claim Should be Dismissed for Failure to Establish that these Defendants Received a Benefit and for Lack of Supplemental Jurisdiction.***

In order to recover under the theory of *quantum meruit* or unjust enrichment, a plaintiff must establish that (1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying.  **Bangert Brothers Construction Company, Inc v. Kiewit Western Company**, 310 F.3d 1278, 1301 (10th Cir. 2002); **Salzman v. Countrywide Home Loans, Inc.**, 996 P.2d 1263, 1265-1266 (Colo. 2000).  With regard to this claim, element two is the most important element because if the defendant did not receive a benefit, there is no unjust enrichment.  **United States v. Western States Mechanical Contractors, Inc**., 834 F.2d 1533, 1540 (10th Cir. 1987).

Plaintiff's complaint contains no allegations that Sgt. McCausey or the police department received a benefit from Plaintiff's translation work.  In fact, Plaintiff admits that Sgt. McCausey wrote Mr. Buch a memo which stated that Plaintiff's work was incompetent.  Because of Plaintiff's poor work quality, neither Sgt. McCausey nor the police department benefited from Plaintiff's work performance.  However, even if some

benefit was attributed to the police department, Plaintiff was ultimately paid $700 for that minimal benefit. [Complaint, ¶37].

Moreover, to the extent that the Court dismisses the §1983 claims for the reasons articulate above, the Court may also dismiss Plaintiff's state law claim for *quantum meruit*. According to 28 USCS §1367(c)(3), the Court can decline to exercise supplemental jurisdiction over a state law claim if the court dismisses all claims over which it had original jurisdiction. 28 USCS §1367(c)(3) (2005); **Exum, v. United States Olympic Committee**, 389 F.3d 1130, 1138-1139 (10th Cir. 2004).

### *VII.   The Lafayette Police Department is not a Suable Entity.*

Plaintiff has named the Lafayette Police Department as a Defendant in this case, although the police department is not a separate suable entity. Therefore the claims against the police department in this case must be dismissed. **Martinez v. Winner**, 771 F.2d 424, 444 (10th Cir. 1985), modified in part on rehearing, 778 F.2d 553 (10th Cir. 1985); **Aniniba v. City of Aurora**, 994 F.Supp. 1293, 1296 (D. Colo. 1998); **Stump v. Gates**, 777 F. Supp. 808, 816 (D. Colo. 1991) [various subsidiary departments are not empowered to sue and be sued]. More specifically, a "city's police department is merely a vehicle through which the city government fulfills its policing functions and is not a proper party defendant." **Boren v. City of Colorado Springs**, 624 F. Supp. 474, 479 (D. Colo. 1985).

### CONCLUSION

Plaintiff's claims against the police department fail because the police department is not a suable entity. However, even if Plaintiff could sue the police

department, Plaintiff's claims against the police department and Sgt. McCausey should be dismissed because (1) Plaintiff does not and cannot assert a protected property interest which implicates due process, (2) Plaintiff makes no allegations that Sgt. McCausey or the police department engaged in a seizure of the property and (3) these Defendants did not receive a benefit from Plaintiff's work.  Additionally, even if Plaintiff could establish a due process right, a state law post-deprivation remedy exists and bars a constitutional claim.  Lastly, even if Plaintiff could establish a constitutional claim against St. McCausey, the claim is barred by qualified immunity.

WHEREFORE, Defendants, Sgt. McCausey and the Lafayette Police Department, request Plaintiff's claims against them be dismissed and the Court award these Defendants' their attorney's fees and other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of September, 2005.

    s/Marni Nathan Kloster
J. Andrew Nathan
Marni Nathan Kloster
NATHAN, BREMER, DUMM & MYERS, P.C.
3900 E. Mexico, Suite 1000
Denver, CO  80210
Telephone: (303) 691-3737
Fax: (303) 757-5106
E-mails: anathan@nbdmlaw.com
mnathan@nbdmlaw.com
*Attorneys for Defendants Sgt. McCausey and the Police Department*

-13-

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on September 22, 2005 I electronically filed the foregoing **Defendants' Sgt. McCausey and The Lafayette Police Department's Motion to Dismiss with Incorporated Legal Authority** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Mark C. Johnson, Esq.
MarkJohnson297@hotmail.com

David Hughes, Esq.
dhughes@co.boulder.co.us

    s/Marni Nathan Kloster_____
J. Andrew Nathan
Marni Nathan Kloster
Attorneys for Defendants
Nathan, Bremer, Dumm & Myers, P.C.
3900 E. Mexico Avenue, Suite 1000
Denver, CO  80210
(303) 691-3737
(303) 757-5106
E-mails: anathan@nbdmlaw.com;
    mnathan@nbdmlaw.com