# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 05-cv-01361-REB-OES

KELLY MUSICK,

    Plaintiff,

v.

CHIEF DEPUTY DISTRICT ATTORNEY JOHN PICKERING,
SERGEANT GENE McCAUSEY,
DISTRICT ATTORNEY'S OFFICE FOR THE 20TH JUDICIAL DISTRICT, and
LAFAYETTE POLICE DEPARTMENT,

    Defendants.

## ORDER GRANTING MOTIONS TO DISMISS

**Blackburn, J.**

The matters before me are (1) John Pickering and the District Attorney's Office's Motion to Dismiss [#15], filed September 6, 2005; and (2) Defendants' Sgt. McCausey and the Lafayette Police Department's Motion to Dismiss with Incorporated Legal Authority [#16], filed September 22, 2005.  I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).  I grant the motions.

Plaintiff Kelly Musick was employed by the 20th Judicial District of Colorado as a Spanish language interpreter.  Plaintiff's supervisor, Miguel Buch, had agreed to translate a Lafayette Police Department case file into Spanish in order to facilitate a prosecution in Mexico.  Buch agreed to complete the project for $4,000.  On May 10, 2004, he approached plaintiff and asked her if she would complete part of the project for $2,000.  Plaintiff agreed.  That agreement was never reduced to writing.

Plaintiff realized quickly that the project was much more elaborate and time-consuming than Buch had represented. Nevertheless, she continued working on the project, providing services alleged to be worth more than $16,000 to complete it. Buch, however, repeatedly ignored or deferred plaintiff's requests for reimbursement. Plaintiff called defendant Sergeant Gene McCausey of the Lafayette Police Department to inquire about payment for her services, but McCausey refused to speak to her because she was not the person to whom the work had been contracted.

On September 16, 2004, while plaintiff was on a vacation, her house sitter called to tell her that he had heard from Buch that a warrant had been issued for plaintiff's arrest. Plaintiff telephoned Buch at his office to determine whether this was true. Buch allegedly confirmed that it was. He then put defendant John Pickering, the Chief Deputy District Attorney for the 20th Judicial District, on the phone. Pickering also allegedly told plaintiff that the Lafayette Police Department had issued a warrant for her arrest and that she would, in fact, be arrested if she did not turn over the police file and her translation. In fact, no such warrant had been sought or issued. The following day, plaintiff made arrangements to have both the police file and her translation of it delivered to the Colorado Attorney General's Office. This lawsuit followed.

Plaintiff alleges causes of action for violation of her rights under the Fourth and Fourteenth Amendments and a pendant state law claim for quantum meruit. Defendants have moved to dismiss for failure to state claims on which relief may be granted. In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to

state a claim within the meaning of Fed.R.Civ.P. 8(a).  "[T]he complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." ***Conley v. Gibson,*** 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); ***see also Daigle v. Shell Oil Co.***, 972 F.2d 1527, 1533 (10th Cir.1992).  The complaint must be construed in the light most favorable to plaintiff, and its allegations must be taken as true. ***Robinson v. City and County of Denver*** 39 F. Supp. 2d 1257, 1262-1263 (D. Colo. 1999) (citing ***Daigle***, 972 F.2d at 1533).  However, I need not assume that plaintiff "can prove facts which [she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." ***Associated General Contractors of California, Inc. v. California State Council of Carpenters***, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983).

As an initial matter, it is abundantly clear that the District Attorney's Office and Pickering in his official capacity enjoy Eleventh Amendment immunity from plaintiff's federal claims.  ***See Rozek v. Topolnicki***, 865 F.2d 1154, 1158 (10th Cir. 1989) (District Attorney's Office entitled to immunity from suit under section 1983); ***see also Ramirez v. Oklahoma Department of Mental Health***, 41 F.3d 584, 588-89 (10th Cir. 1994) (noting that Eleventh Amendment immunity extends to state officials sued for damages in their official capacity), ***overruled on other grounds by Ellis v. University of Kansas***, 163 F.3d 1186, 1194-97 (10th Cir. 1998).  In addition, the Lafayette Police Department is not a juridical entity and thus not a proper party defendant. ***Boren v. City of Colorado Springs***, 624 F.Supp. 474, 479 (D. Colo. 1985).  The federal claims

against these parties must be dismissed.

This leaves plaintiff's claims against McCausey and against Pickering in his individual capacity. Neither of plaintiff's federal claims survives scrutiny. Her due process claim fails because Colorado provides an adequate post-deprivation remedy in the form of a suit for breach of contract or, as plaintiff alleges in this case, quantum meruit. **Hudson v. Palmer**, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203-04, 82 L.Ed.2d 393 (1984); **Smith v. Colorado Department of Corrections**, 23 F.3d 339, 340 (10th Cir. 1994).[1]

Her Fourth Amendment claim fares no better. To make out such a claim, plaintiff is required to show that her property was "seized" and that such seizure was "unreasonable." **Bella v. Chamberlain**, 24 F.3d 1251, 1255 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 898 (1995). "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." **United States v. Jacobsen**, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984). Plaintiff has proffered no authority, and I have found none, suggesting that defendants' actions constitute meaningful interference with her property.[2] Instead, the

---

[1] Defendants argue also that plaintiff has failed to allege a protected property interest under the Fourteenth Amendment. This is certainly true with respect to the police file. However, although plaintiff fails to point to any independent state-law source establishing a viable property interest in the translation, **see Board of Regents of State Colleges v. Roth**, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), I am not prepared to say as a matter of law that she could not assert such a right in her own work product.

[2] I have found only two cases that come even close to the facts of this case, although neither is directly on point. In **Butitta v. Carbajal**, 1997 WL 345719 (9th Cir. June 17, 1997), the plaintiff alleged that the defendants telephoned her and threatened to seize her motorcycle and arrest her, although they never carried out those threats. The court found no viable Fourth Amendment claim on those facts because "a threat to do an act prohibited by the Constitution is [not] equivalent to doing the act itself." **Id.** at *1 (citation and internal quotation marks omitted; alteration in **Butitta**). And in **Rodgers v. Lincoln**

totality of the circumstances suggest that no such interference occurred.  The complaint alleges that plaintiff initiated a telephone call seeking to verify a rumor that a warrant had been issued for her arrest.  The degree of compulsion in such a voluntarily initiated telephone call is attenuated at best.  Plaintiff was free to end the encounter simply by hanging up the receiver.  Nevertheless, assuming the tenor of the phone call created some level of compulsion, plaintiff's subsequent discussion with the Attorney General's Office cast doubt on the veracity of Pickering's assertion that an arrest warrant had been issued.  (*See* Complaint at 18, ¶ 35 (alleging that Ms. Shearer "had no knowledge that Sgt. McCausey had sought an arrest warrant for Musick.")[3]  At that point, a reasonable person certainly should have questioned whether Pickering had been truthful regarding the pendency of the warrant.  Given those circumstances, plaintiff's subsequent decision to immediately send the materials to the Attorney General's Office

---

*Towing Service, Inc.*, 771 F.2d 194 (7th Cir. 1985), the plaintiff complained that he had been illegally seized by the defendant, who, during a telephone call, threatened the plaintiff with arrest if he did not come to the police station for questioning.  The Seventh Circuit found these facts presented no Fourth Amendment claim:

> We do not believe that a telephone call to an identified suspect from a detective investigating a charge of vandalism constitutes such a restraint on the suspect's freedom that his coming to the station house is anything other than a voluntary action.  That [the officer] told [the plaintiff] he would secure an arrest warrant if [the plaintiff] refused does not alter the outcome; [the plaintiff] was free to demand that [the officer] do just that. [The officer] was not even confronting [the plaintiff] physically; [the plaintiff] could have hung up the phone.  That [the officer] may have been verbally abusive does not elevate the phone call, with the distancing inherent in the tenuousness of a telephone connection and the ease with which [the plaintiff] could have hung up the phone, into a seizure for purposes of the Fourth Amendment.

*Id*. at 200 (alterations added).

[3]  Although the person to whom plaintiff spoke at the Attorney General's Office told plaintiff that McCausey had threatened to get a search warrant for plaintiff's home if she did not relinquish the translation, such unconsummated threats are not actionable.  *See Butitta*, 1997 WL 345719 at *1.

5

was not compelled in any way that implicates the Fourth Amendment.

Moreover, even if plaintiff could establish that an unreasonable seizure occurred on these facts, defendants would be entitled to qualified immunity because she has not proven that any such right has been clearly established. The single case plaintiff cites in support of her argument is inapposite.[4] My own research has unearthed no case, much less a consensus of clearly established authority, *see Murrell v. School District No. 1, Denver, Co.*, 186 F.3d 1238, 1251 (10th Cir. 1999), establishing that actions similar to those with which defendants are accused constitute a violation of plaintiff's Fourth Amendment rights. For all these reasons, plaintiff's Fourth Amendment claim should be dismissed as well.

This leaves only plaintiff's state-law quantum meruit claim. When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state claims. *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002). I find it appropriate to do so here, and thus will dismiss plaintiff's quantum meruit claim without prejudice.

**THEREFORE, IT IS ORDERED** as follows:

(1) That John Pickering and the District Attorney's Office's Motion to Dismiss [#15], filed September 6, 2005, is **GRANTED**;

(2) That Defendants' Sgt. McCausey and the Lafayette Police Department's

---

[4] In that case, *Gagan v. Norton*, 35 F.3d 1473 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1175 (1995), the Tenth Circuit found that a prosecutor was not entitled to absolute prosecutorial immunity for allegedly ordering a court reporter not to prepare transcripts for use by an indigent, *pro se* defendant, in direct contravention of a district court order. *See id.* at 1476.

Motion to Dismiss with Incorporated Legal Authority [#16], filed September 22, 2005, is **GRANTED**;

(3) That plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**; and

(4) That plaintiff's quantum meruit claim is **DISMISSED WITHOUT PREJUDICE**.

Dated October 24, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge